IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALE C. IRVIN,                          )
                                        )
            Plaintiff,                  )    Civil No.08-6089-TC
                                        )
    v.                                  )    OPINION AND ORDER
                                        )    PARTIALLY GRANTING AND
THE CITY OF COTTAGE GROVE,              )    PARTIALLY DENYING
DAVID BURGIN, AND SCOTT SHEPHERD,)           DEFENDANTS' SUMMARY
                                        )    JUDGMENT MOTION
            Defendants.                 )

COFFIN, Magistrate Judge:

Currently before the court is defendants' motion for summary judgment. This matter came before the court for oral argument on July 28, 2009. Having carefully considered the parties filings, exhibits and statements made at oral argument, I deny defendants' motion with regard to the 42 U.S.C. § 1983 claim against Officer Burgin, but grant the motion with respect to all other claims.

## Background

On February 14, 2007, Cottage Grove Police Officer David Burgin made an affidavit in support of a search warrant for 78136 Layng Road in Cottage Grove, Oregon. (Doc. 20-2, ex. 101.) The affidavit described that property as the address of "Dale Duane Irvin DOB/04-26-77," and declared that there was probable cause

to believe that Dale D. Irvin was involved in recent vehicle thefts and stolen car parts would be found at that location. (Id.)

Several law enforcement officers, including Officer Burgin and Cottage Grove Detective Corporal Scott Shepherd executed the warrant later that morning. (Docs. 19, 20, and 30-3, ex. 3.) Plaintiff, Dale C. Irvin, the father of the Dale D. Irvin (Irvin, Jr.) described in the search warrant, was in his residence on the property. Plaintiff and his domestic partner, Karen Harding, leased the property. There were several outbuildings on the property, including a fifth-wheel trailer which was owned and occupied by Irving, Jr. (Doc. 26, ¶ 1.)

The officers handcuffed plaintiff and detained him while they searched the property. (Id.) Officer Burgin questioned plaintiff about what he knew about Irving, Jr.'s and Stephen Perez's (also known as "Mexican Steve) involvement in vehicle thefts. (Doc. 30-2, ex. 3.) Plaintiff states he had no idea what Officer Burgin was talking about. (Doc. 26, ¶ 2.) During the search the officers found numerous car parts on the property and bicycles were located on the property and in the fifth-wheel trailer.(Doc. 20; doc. 37, ex. 135[1].)

After being detained for approximately two hours, the officers transported plaintiff to the Cottage Grove Police Department, where Officer Burgin conducted a follow-up interview.

(Doc. 26, ¶ 2.)  During the interview, Officer Burgin explained that it would be in plaintiff's "best interests to be a witness rather than a defendant"(doc. 30-2, ex. 3) and again asked plaintiff if he knew anything about stolen cars.  (Doc. 26, ¶ 2.)  Plaintiff again denied any knowledge of the stolen cars.  (Id.)  Officer Burgin charged plaintiff with possession of stolen property and transported him to the Lane County Jail.  (Id.; doc. 30-2, ex.4.)  After several hours in the Lane County Jail, plaintiff was released.  (Doc. 26, ¶ 2.)  Plaintiff was never formally charged or prosecuted for possession of stolen property.  (Id.)

## Legal Standards

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:
> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  There must be no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  Once the movant has met its burden, the burden shifts to the nonmovant to produce

specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. *Id.*; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Analysis

### 1. 42 U.S.C. § 1983 Fourth Amendment Claim

Plaintiff argues that he was arrested without probable cause and brings a claim under section 1983 for violation of his Fourth Amendment rights against Detective Shepherd, Officer Burgin, and the City of Cottage Grove. In his opposition to summary

judgment, plaintiff concedes that Detective Shepherd did not seize him. (Doc. 28, p. 3.) Without a seizure, there can be no Fourth Amendment violation; accordingly, I grant summary judgment with regard to the claim against Detective Shepherd.

The Fourth Amendment requires that a warrantless arrest be supported by probable cause. Michigan v. Summers, 452 U.S. 692 (1981). The definition of probable cause is a familiar one: it exists when reasonably trustworthy facts and circumstances within the arresting officer's knowledge are sufficient to "lead a person of reasonable caution to believe that an offense has been or is being committed." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). It is undisputed that Officer Burgin arrested plaintiff without a warrant; therefore, the focus of my inquiry is whether the circumstances here would lead a reasonably prudent person to believe that plaintiff had committed the crime of theft by receiving.[2] In Oregon, a person commits the crime of theft by receiving if the person receives property knowing, or having good reason to know that the property was the subject of theft. ORS 164.095. Receiving means "acquiring possession [or] control...." Id.

The first issue requiring clarification is what stolen property Officer Burgin arrested plaintiff for possessing. The arrest report indicates only that plaintiff was arrested for "possession of stolen property." (Doc, 30-2, ex. 4.) Given that

the search warrant described stolen car parts, it is logical to assume plaintiff was arrested for possessing stolen car parts. However, that is not the case. In his affidavit in support of this motion, Officer Burgin states that he arrested plaintiff for theft by receiving based on stolen bicycles. Officer Burgin alleges that he believed he had probable cause to arrest plaintiff because, while still at the Layng Road address and prior to the arrest, plaintiff told Officer Burgin that the bicycles were brought to the property "bumper to bumper" at all hours of the night, and plaintiff allowed the bicycles to be stored on his property. (Doc. 20.)

I note that this account differs from Officer Burgin's narrative attached to the arrest report. The narrative makes no mention of a discussion with plaintiff regarding bicycles while at the Layng Road address and states that plaintiff made the "bumper to bumper" comment during the follow-up interview with Officer Burgin at the Cottage Grove Police Station. (Doc. 30-2, ex. 3.) Moreover, plaintiff maintains that he never told the officers that he stored any property he knew or had reason to know was stolen and that he specifically told he officers he did not know whether his son had any stolen property at his home. (Doc. 26, ¶ 3.)

Taking the undisputed facts in a light most favorable to plaintiff, the only circumstances known to Officer Burgin at the

time he arrested plaintiff were that stolen[3] bicycles were located on the property that plaintiff shared with his son and Ms. Harding.  I cannot find, as a matter of law from this record, that this is enough to establish that a "prudent person would have concluded that there was a fair probability that [plaintiff had committed the crime of theft by receiving]."  Peng v. Mei Chin Penghu, 335 F.3d 970, 976 (9th Cir. 2003).  The underlying facts here bring to mind cases in which drugs are found in common areas accessible by many people. In those cases, constructive possession can be established by circumstantial evidence; however this requires more than just mere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug.  See e.g., United States v. Hernandez, 322 F.3d 592, 596-99 (9th Cir. 2003)(concluding that defendant's proximity to concealed drugs, coupled with his suspicious behavior and family relationship with the driver of the minivan established probable cause); Franklin Brothers v. United States, 328 F.2d 151, 155 (9th Cir. 1964)(finding that mere proximity to drug without other evidence insufficient to support a finding of possession); United States v. Hutchinson, 488 F.2d 484, 488-89 (9th Cir. 1973)(noting that proximity plus appellant's participation in drug transaction established possession).

Here, plaintiff was in proximity to the stolen bicycles by

virtue of leasing the property on which they were located. There is no evidence of possession or control beyond mere proximity: it is disputed that plaintiff knew, or had reason to know, that the bicycles were stolen. Moreover, the assertion that plaintiff had exclusive control of the property is somewhat belied by the description of the property in the affidavit supporting search warrant as being the residence of Irving, Jr. (Doc. 20-2, ex. 101.) At oral argument, defense counsel argued that, by questioning whether more than mere proximity was needed to establish possession, the court was trying to read more into something which was very simple. This, however, is not the standard for a summary judgment. Instead, I must view the facts in a light most favorable to the nonmovant and not make assumptions that favor the moving party. Whether Officer Burgin had probable cause to believe that plaintiff was in possession or control of the stolen bicycles is an issue that cannot be decided on the state of the record before me at this time, and the trial will develop a fuller record to address this issue. <u>Anderson v. Hodel</u>, 889 F.2d 766, 770 (9th Cir. 1990)(For summary judgment to be appropriate, the record must be sufficiently developed for the lower court to make a "fully informed decision.") Accordingly, I deny defendants' motion for summary judgment on the § 1983 claim against Officer Burgin.

Plaintiff also brings a Fourth Amendment violation claim

against the City of Cottage Grove under § 1983. Local Governments are only liable under § 1983 for constitutional torts that amount to a custom or policy. Monell v. Dep't Social Serv., 436 U.S. 658, 691 (1978). A single act of misconduct by an officer is insufficient to establish an official policy or custom on the part of a municipality. Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).

Plaintiff alleges that he was wrongfully arrested under Cottage Grove's policy of arresting and incarcerating persons its police officers believe have knowledge of criminal activity by others in order to induce and coerce such persons to provide information about the criminal activity. (Compl. First Claim for Relief, attached to Doc. 1 as ex. A.) Defendants have submitted affidavits in support of this motion declaring that the City of Cottage Grove has no such policy or custom. (Docs. 18 and 20.) In his opposition to summary judgment, plaintiff asserts that a genuine issue of material fact exists on this issue because both Detective Shepherd and Officer Burgin told him that they were arresting him to gather information about other criminal activity. (Doc. 28.) However, even taking the evidence in a light most favorable to plaintiff, all he has shown is, at most, a single instance of misconduct by Cottage Grove officers. Merritt, 875 F.2d at 770. Accordingly, I grant summary judgment on the Monell, claim against the City of Cottage Grove.

## 2. Malicious Prosecution

Plaintiff's second claim for relief is a malicious prosecution claim against the City of Cottage Grove. Defendants assert they are entitled to summary judgment on this claim because plaintiff failed to give the City timely notice of the claim as required by the Oregon Tort Claims Act (OTCA). In the alternative, defendants argue that plaintiff cannot establish the elements of a malicious prosecution claim.

The OTCA provides, in relevant part, that "no action arising from any act or omission of a public body or an officer, employee, or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of the claim is given as required by this action." ORS 30.275. For all claims, except wrongful death, a plaintiff must provide an OTCA notice within 180 days of the alleged loss or injury. Id. The notice period set forth in the OTCA begins to run when "the plaintiff knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party." Gaston v. Parsons, 318 Or 247, 256, 864 P.2d 1319 (1994).

Here, plaintiff was aware of the harm that he allegedly

suffered as a result of his wrongful arrest as soon as it happened. For example, he should have immediately been aware of his deprivation of liberty, extreme emotional distress and damage to his reputation. Raethke v. Oregon Health Sciences Univ., 115 Or. App. 195, 198, rev den, 315 Or 422 (1993) (in an action against a public body, a cause of action "accrues from the date the injury is, or should have been discovered, not from the time the full extent of the damages is ascertained"); see also, Wallace v. Kato, 549 U.S. 384, 387-88(2007)("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.") Irvin contends that his OTCA notice was in his complaint, which he filed in January 2008, well over 180 after the February 14, 2007 incident. Accordingly, I find that his state law malicious prosecution claim is procedurally barred.

Even assuming arguendo that this claim were not procedurally barred, summary judgment would still be appropriate. A necessary element of a malicious prosecution claim is that the defendants instituted the prosecution with malice. Rogers v. Hill, 281 Or. 491 (1978). Here, the defendants did not institute a prosecution. I grant summary judgment on this claim.

## Conclusion

I GRANT summary judgment in defendants' favor on the following claims: the 42 U.S.C. § 1983 claim against Detective Shepherd; the 42 U.S.C. § 1983 claim against the City of Cottage Grove; and the malicious prosecution claim against the City of Cottage Grove. These three claims are dismissed with prejudice.

///

///

///

///

///

///

I DENY summary judgment on the 42 U.S.C. § 1983 claim against Officer Burgin. This action will go to trial on August 18, 2009 on this claim.

IT IS SO ORDERED.

Dated this 3rd day of August, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

---

[1] Exhibit 135 was filed after oral argument as a "supplemental exhibit." Plaintiff's counsel notes that defendants violated L.R. 7.1 by not conferring with him prior to filing this exhibit, but agrees to waive this objection. (Doc. 39.)

[2] Although the arrest report lists the charge as "possession of stolen property," defendants memorandum in support of summary judgment and supporting affidavits describe plaintiff's charge as "theft by receiving."

[3]Defendants' counsel asserted at oral argument that evidence in the record established that the bicycles were confirmed stolen proper to plaintiff's arrest.  I could not find any such evidence in the record. However, plaintiff does not dispute that Officer Burgin had evidence that the bicycles were stolen.  (Doc. 29, Deft's Fact # 9.)